# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| Thomas W. Browning, | ) | Civil Action No. 0:16-3237-RMG |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER AND OPINION** |
| A. Mansukhani, *Warden FCI – Estill*, | ) | |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending Respondent's motion to dismiss the petition for habeas relief under 28 U.S.C. § 2241, or alternatively for summary judgment, be granted. For the reasons set forth below, the Court adopts the Report and Recommendation and grants summary judgment for Respondent.

## I. Background

Petitioner Browning is an inmate at Federal Correctional Institution Estill. He alleges that on February 3, 2015, Bureau of Prisons ("BOP") officers conducted a random search of his cell and found six strips of Suboxone and three pieces of rolled paper containing synthetic marijuana. Petitioner and his cellmate were charged with possession of drugs under the prison's disciplinary policy. Petitioner was provided a copy of the incident report detailing the charges.

A disciplinary hearing was held on February 12, 2015. Petitioner denied the charges. During the hearing, prison officials presented the incident report, photographs of the contraband, and identification of the Suboxone by a staff pharmacist. Petitioner presented no evidence. The hearing officer found Petitioner guilty and revoked ninety-five days of good conduct time credit, among other sanctions. After exhausting administrative remedies, Petitioner filed the present petition on September 26, 2016. He claims that the revocation of his good conduct time credits

violates his constitutional right to due process because the disciplinary hearing failed to meet the "some evidence" standard (Ground One) and that the revocation violates his constitutional right to equal protection because the BOP did not conduct a field test or laboratory test to confirm the substances alleged to be illicit narcotics (Ground Two). On December 21, 2016, Respondent moved to dismiss or, alternatively, for summary judgment. On April 24, 2017, the Magistrate Judge recommended granting Respondent's motion. Petitioner filed timely objections to the Report and Recommendation.

## II. Legal Standard

### A. Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

### B. Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

### III. Discussion

Title 28, U.S.C. § 2241 is the proper means for a federal prisoner to challenge the BOP's sentencing calculations, including good conduct time credits. *See United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004). Petitioner argues his good conduct time credits were revoked in violation of his due process rights because he could not challenge the prison's identification of the items recovered from his cell as narcotics, and in violation of his equal protection rights because similarly situated inmates are purportedly treated differently.

Petitioner has due process rights regarding his good conduct time credits, which implicate a protected liberty interest. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). In disciplinary proceedings, inmates have a right to advance written notice of charges, to a fair and impartial tribunal, to call witnesses and to present evidence, and to receive written statement explaining the tribunal's findings. *Id.* at 563–67. Due process is satisfied if there is "some evidence" supporting

the hearing officer's findings. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 445–46 (1985).

The February 12, 2015 disciplinary hearing Petitioner challenges comported with all applicable due process requirements. Petitioner had advance written notice of the charges, Petitioner had a hearing before a fair and impartial tribunal, Petitioner had the opportunity to call witnesses and to present evidence, and Petitioner received a written statement explaining the tribunal's findings. There was "some evidence" supporting the hearing officer's findings: the written statement of the reporting officer, photographs of the recovered narcotics, and visual identification of the narcotics by medical personnel. Petitioner has no constitutional right to laboratory testing of drugs found in his prison cell.

The Equal Protection Clause generally requires the government to treat similarly situated people alike. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To succeed with an equal protection claim, an inmate must demonstrate that he was treated differently than similarly situated inmates, that the discrimination was intentional or purposeful, and that the disparity cannot be justified by any valid prison or security interest. *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Petitioner argues his equal protection rights were violated because BOP has tested drugs recovered from the cells of some other, similarly situated inmates. Petitioner however does not allege that the purportedly unequal treatment is the result of intentional discrimination. His equal protection claim therefore fails as a matter of law.

Petitioner filed timely objections to the Report and Recommendation. His objections regarding his due process claim merely repeat his original argument, which the Magistrate Judge fully considered and correctly rejected. (*See* Dkt. No. 36 at 2–3.) Regarding his equal protection claim, the Magistrate Judge had noted Petitioner provided no evidence supporting his allegation

that drugs seized from other inmates in similar situations are subjected to chemical testing. In response, Petitioner attempts to offer evidence supporting his allegation. Specifically, he cites a disciplinary case in which Suboxone allegedly was found in an inmate's cell, the disciplinary hearing found the inmate guilty, the inmate administratively appealed to the BOP regional director, and the regional director ordered a new hearing. At the new hearing, the hearing officer found the pharmacist had not correctly identified the seized substance as Suboxone and the inmate was found not guilty. (Dkt. No. 36 at 4–5.) But the disciplinary case Petitioner cites does not cure his failure to allege any intentional or purposeful discrimination. Nor Petitioner does state that BOP's reversal of the Suboxone identification in that other case was due to any chemical testing of the substance recovered from the inmate's cell.

Further, Petitioner's apparent purpose in relating the facts of that other disciplinary case is to demonstrate that BOP visual identification of Suboxone is not perfect and that the disciplinary hearing findings in his case therefore may be erroneous. But federal courts do not review the accuracy of a disciplinary hearing's findings of fact. *Kelly v. Cooper*, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). Those findings will only be disturbed if they are unsupported by any evidence or are wholly arbitrary and capricious. *See Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir.1981). Judicial review of factual findings of prison disciplinary hearings is limited solely to a determination as to whether there is some evidence in the record to support the decision. *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989); *see also Kirillov v. Yancey*, No. 9:05-3251-HFF, 2006 WL 2827373, at *8 (D.S.C. Sept. 28, 2006). In this case, there was some evidence to support the hearing officer's determination that Petitioner had illicit drugs in his prison cell.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 34) as the Order of the Court and **GRANTS** Repsondent's motion for summary judgment (Dkt. No. 13.)

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

~~April~~ May 3, 2017
Charleston, South Carolina