IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Thomas W. Browning, | ) | Civil Action No. 0:16-3237-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| A. Mansukhani, *Warden FCI – Estill*, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on Petitioner's motion under Rule 60(b) of the Federal Rules of Civil Procedure to vacate the Court's order of May 3, 2017, which dismissed the petition for habeas relief. For the reasons set forth below, the Court denies the motion to vacate.

I. **Background**

Petitioner Browning is an inmate at Federal Correctional Institution Estill. He alleges that on February 3, 2015, Bureau of Prisons ("BOP") officers conducted a random search of his cell and found six strips of Suboxone and three pieces of rolled paper containing synthetic marijuana. Petitioner and his cellmate were charged with possession of drugs under the prison's disciplinary policy. Petitioner was provided a copy of the incident report detailing the charges.

A disciplinary hearing was held on February 12, 2015. Petitioner denied the charges. During the hearing, prison officials presented the incident report, photographs of the contraband, and identification of the Suboxone by a staff pharmacist. Petitioner presented no evidence. The hearing officer found Petitioner guilty and revoked ninety-five days of good conduct time credit, among other sanctions. After exhausting administrative remedies, Petitioner filed the present petition on September 26, 2016. He claims that the revocation of his good conduct time credits violates his constitutional right to due process because the disciplinary hearing failed to meet the

"some evidence" standard (Ground One) and that the revocation violates his constitutional right to equal protection because the BOP did not conduct a field test or laboratory test to confirm the substances alleged to be illicit narcotics (Ground Two). On December 21, 2016, Respondent moved to dismiss or, alternatively, for summary judgment. On April 5, 2017, the Magistrate Judge recommended granting Respondent's motion. Petitioner filed timely objections to the Report and Recommendation. On May 3, 2017, the Court adopted the Report and Recommendation. Petitioner's motion to vacate that order was filed on December 3, 2017.

## II. Legal Standard

"[B]efore a party may seek relief under Rule 60(b), a party first must show timeliness, a meritorious defense, a lack of unfair prejudice to [any] opposing party, and exceptional circumstances. After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). A court may relieve a party from a final judgment under Rule 60(b) for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Relief under Rule 60(b)(6) requires a showing of "extraordinary circumstances." *Aikens v. Ingram*, 652 F.3d 496, 510 (4th Cir. 2011). A motion under this rule must be made within a reasonable time, and relief under reasons (1), (2), and (3) is not available after one year from the entry of the judgment. Fed. R. Civ. P. 60(c)(1).

## III. Discussion

Title 28 U.S.C. § 2241 is the proper means for a federal prisoner to challenge the BOP's sentencing calculations, including good conduct time credits. *See United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004). Petitioner argues his good conduct time credits were revoked in violation of his due process rights because he could not challenge the prison's identification of the items recovered from his cell as narcotics, and in violation of his equal protection rights because similarly situated inmates are purportedly treated differently.

The Court previously ruled that the February 12, 2015 disciplinary hearing Petitioner challenges comported with all applicable due process requirements. (*See* Dkt. No. 37.) Petitioner had advance written notice of the charges, Petitioner had a hearing before a fair and impartial tribunal, Petitioner had the opportunity to call witnesses and to present evidence, and Petitioner received a written statement explaining the tribunal's findings. There was "some evidence" supporting the hearing officer's findings: the written statement of the reporting officer, photographs of the recovered narcotics, and visual identification of the narcotics by medical personnel. The Court also ruled previously that Petitioner's equal protection claim fails as a matter of law because Petitioner does not allege that his purportedly unequal treatment is the result of intentional discrimination.

Petitioner now moves to vacate under Rule 60(b), arguing the Court erred in denying the petition for habeas relief for two reasons. First, Petitioner argues he did not receive adequate advance written notice of the charge against him because the notice he received did not comply with a BOP policy requiring the description of the incident should contain all known, non-confidential facts. The Court, however, will not review the notice for compliance with BOP policies, because those policies are not enforceable through a writ of habeas corpus. Habeas actions protect constitutional rights. As the Court previously ruled, the incident report provided

Petitioner written notice of the charges against him sufficient to satisfy due process requirements. Petitioner merely repeats arguments already presented and considered. That is not a proper basis for a Rule 660(b) motion: "Where the motion is nothing more than a request that the district court change its mind, however, it is not authorized by Rule 60(b)." *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982). Second, Petitioner argues his due process rights were violated because he was not told, in advance of the first disciplinary hearing, that video footage of his cell had been reviewed. According to Petitioner, this prevented him from reviewing the footage to see if it contained exculpatory evidence. The record, however, clearly shows that the review of video footage was reported on the incident report. (*See* Dkt. No. 13-3 ¶ 26.)

Argument that prison disciplinary hearing findings may be erroneous is not a basis for habeas relief. Federal courts do not review the accuracy of disciplinary hearing findings of fact. *Kelly v. Cooper*, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). Those findings will only be disturbed if they are unsupported by any evidence or are wholly arbitrary and capricious, so that they constitute a violation of constitutional due process rights. *See Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981). Judicial review of factual findings of prison disciplinary hearings is limited solely to a determination as to whether there is some evidence in the record to support the decision. *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989); *see also Kirillov v. Yancey*, No. 9:05-3251-HFF, 2006 WL 2827373, at *8 (D.S.C. Sept. 28, 2006). As the Court previously ruled, in this case there was some evidence to support the hearing officer's determination that Petitioner had illicit drugs in his prison cell. Petitioner's motion to vacate, whether reviewed under the applicable Rule 60(b) standard or reviewed *de novo*, sets forth no basis for disturbing that ruling.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** the motion to vacate (Dkt. No. 40.)

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 7, 2017
Charleston, South Carolina